1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

KEYWANIE S. B.,

11

                    Plaintiff,

            v.

CASE NO. 2:23-CV-1627-DWC

12

COMMISSIONER OF SOCIAL
SECURITY,

ORDER GRANTING MOTION TO
DISMISS

13

14

                    Defendant.

15      Before the Court is Defendant's Motion to Dismiss. Dkt. 14. Plaintiff filed a Complaint

16   requesting the Court increase her supplemental security income ("SSI") payments from $914.00

17   per month to $1,888.00 per month in 2024. Dkt. 13. After consideration of the relevant record,

18   the Court finds Plaintiff has not stated a cognizable claim. Therefore, the Motion to Dismiss

19   (Dkt. 14) is granted and this case is dismissed with prejudice.

20      **I.      Legal Standard**

21      Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

22   complaint on the grounds it "fails to state a claim upon which relief can be granted." To state a

23

24

ORDER GRANTING MOTION TO DISMISS - 1

1  claim for which relief may be granted, a complaint must contain "enough facts to state a claim to

2  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

3  **II.        Factual and Procedural History**

4  Plaintiff initiated this action on October 16, 2023. Dkt. 1. On November 15, 2023, the

5  Court granted Plaintiff *in forma pauperis* status and her Complaint was docketed in the case. *See*

6  Dkts. 11, 13. As stated above, in the Complaint, Plaintiff requests only that the Social Security

7  Administration be ordered to increase her monthly SSI payments from $914.00 per month to

8  $1,888.00 per month for 2024. Dkt. 13. It appears she would like the increase in payments to

9  attempt to open a business. *Id*. at 2. Plaintiff does not assert the Social Security Administration's

10  final decision was unsupported by substantial evidence or based on legal error. *Id*. In fact,

11  Plaintiff writes that there was no error with the Commissioner's decision; she merely is

12  requesting an increase in her payments for the year of 2024. *See id*.

13  On January 10, 2024, Defendant filed the pending Motion to Dismiss. Dkt. 14. Defendant

14  asserts Plaintiff has failed to state a cognizable claim because she is receiving the maximum

15  amount allowed by statute for SSI benefits. *Id*. Plaintiff did not file a response to the Motion to

16  Dismiss.

17  **III.       Discussion**

18  Federal law sets the maximum monthly payment amount available for SSI benefits. *See*

19  42 U.S.C. § 1382(b)(1). In 2023, the maximum federal SSI payment was $914.00 per month.

20  Dkt. 14-1, Brugess Dec., ¶ 6. Plaintiff received the maximum SSI payments -- $914 per month --

21  in 2023. *Id*.; *see also* Dkt. 13 (Complaint stating Plaintiff received $914 in 2023). The maximum

22  SSI payment for 2024 has been increased to $943.00. Dkt. 14-1, Brugess Dec., ¶ 7. "Assuming

23

24

ORDER GRANTING MOTION TO DISMISS - 2

her circumstances do not change," Plaintiff will receive federal SSI payments of $943 per month in 2024. *Id.*

The record reflects Plaintiff is receiving the maximum SSI payment allowed under Federal law. Plaintiff has not shown, not does the Court find, legal authority to grant Plaintiff SSI payments above the statutorily allowed amount. Therefore, the Court finds Plaintiff has not stated a cognizable federal claim and Plaintiff's claim must be dismissed.

**IV.    Conclusion**

For the above stated reasons, the Motion to Dismiss (Dkt. 14) is granted and this case is dismissed with prejudice.

Dated this 11th day of March, 2024.

David W. Christel
United States Magistrate Judge

ORDER GRANTING MOTION TO DISMISS - 3